IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GERALD HARRIS,**

      Petitioner,

v.                                                       Civil Action No. 3:15CV123
                                                                      (GROH)

**J. SAAD, Warden,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On November 2, 2015, the *pro se* Petitioner, Gerald Harris, an inmate incarcerated at USP Hazelton in Bruceton Mills, West Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. On November 19, 2015, the Government filed a Motion to Dismiss. ECF No. 12. The Petitioner pleaded guilty in the United States District Court for the Western District of Pennsylvania to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Subsequently, it was determined that the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) applied, and he was sentenced to a term of imprisonment of 210 months. In his pending § 2241, the Petitioner challenges his sentence enhancement in light of the United States Supreme Court's recent decision in Johnson v. United States, 135 S.Ct. 2551 (2015).

### II. Armed Career Criminal Act

In Johnson, the Supreme Court considered a provision of the ACCA that creates a sentencing enhancement for possessing a firearm in the commission of a federal felony when the defendant already has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. § 924(e)(1); see id. § 922(g). The ACCA defines a "violent felony" as a crime punishable "by imprisonment for a term exceeding one year," that

> (i) includes as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The closing words of this definition, italicized above, have come to be known as the Act's residual clause. In <u>Johnson</u>, the Supreme Court held that imposing an increased sentence under the residual clause violated due process. 135 S.Ct. at 2555-2563.

On January 8, 2016, the Supreme Court granted a writ of certiorari to resolve a split in the circuits as to whether <u>Johnson</u> applied retroactively to the sentences of defendants whose convictions had become final. <u>Welch v. United States</u>, 136 S.Ct. 790, 2016 WL 90594 (2016). On April 18, 2016, the Supreme Court determined that <u>Johnson</u> changed the substantive reach of the Act, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that <u>Johnson</u> announced a new substantive rule that applies retroactively to cases on collateral review. <u>Welch v. United States</u>, 136 S.Ct. 1257 (2016).

### III. <u>Analysis</u>

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. <u>Adams v. United States</u>, 372 F.3d 132, 134 (2nd Cir. 2004); <u>see</u> <u>In re Jones</u>, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. <u>Adams</u> at 135; <u>see</u> <u>In re Jones</u>, at 332-33. In a §2241

petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams at 135.

A federal prisoner attacking the validity of his conviction and sentence may utilize the provisions of §2241, but only under the §2255 "savings clause" when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The Fourth Circuit has long held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[1]

Id. at 333-34.

Because the Supreme Court has announced that Johnson is a new rule of constitutional law made retroactive to cases on collateral review, the Petitioner cannot demonstrate that §2255 is inadequate or ineffective to test the legality of his detention because he now meets the gate-keeping provisions of 2255. Therefore, instead of seeking relief from this Court pursuant to § 2241, the Petitioner must seek authorization from the appropriate court of appeals to file a second or successive § 2255 motion[2] based on "a new rule of constitutional law, made

---

[1] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §2255; see Jones, 226 F.3d at 330.

[2] The Petitioner previously filed a habeas corpus proceeding pursuant to Section 2255 in the Western District of Pennsylvania, which was denied. That decision was affirmed by the Third Circuit Court of Appeals.

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The one-year statute of limitations period of 28 U.S.C. § 2255(f)((3) for filing a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the Government's [ECF No. 12] Motion to Dismiss be **DENIED AS MOOT** and this matter be **DENIED** and **DISMISSED without prejudice** to the Petitioner's right to seek certification from the Third Circuit Court of Appeals to file a second or successive § 2255 motion.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge of record. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 4, 2016

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE