**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**


**GERALD HARRIS,**

        Petitioner,

**v.**                                  **CIVIL ACTION NO.: 3:15-CV-123
(GROH)**

**J. SAAD,
Warden,**

        Respondent.


<u>**ORDER ADOPTING REPORT AND RECOMMENDATION**</u>

On this day, the above-styled matter came before the Court for consideration of the

Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert.

Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert

for submission of a proposed R&R. Magistrate Judge Seibert issued his R&R [ECF No. 17]

on May 4, 2016. In the R&R, Magistrate Judge Seibert recommends that the Respondent's

Motion to Dismiss [ECF No. 12] be denied as moot, and that the Petitioner's 28 U.S.C.

§ 2241 petition [ECF No. 1] be dismissed. This Court hereby adopts the magistrate judge's

R&R and dismisses the instant petition.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a *de novo*

review of those portions of the magistrate judge's findings to which objection is made.

However, the Court is not required to review, under a *de novo* or any other standard, the

factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. <u>Thomas v. Arn</u>, 474 U.S. 140, 150

(1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). In this case, the Petitioner did not file objections to the magistrate judge's R&R. Instead, the Petitioner filed a Motion to Transfer [ECF No. 19], requesting that his § 2241 petition be transferred to the United States District Court for the Western District of Pennsylvania—the district in which his sentence was imposed.

On August 3, 2006, a judge in the Western District of Pennsylvania sentenced the Petitioner to a term of 210 months' imprisonment. In imposing the Petitioner's sentence, the judge determined that the Petitioner qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"). See 18 U.S.C. § 924(e). The Petitioner subsequently challenged his sentence through a motion to vacate under 28 U.S.C. § 2255. On March 30, 2009, the Petitioner's § 2255 motion was dismissed. Years later, On June 26, 2015, the United States Supreme Court found the "residual clause" of ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), to be unconstitutionally vague. See Johnson v. United States, — U.S. —, 135 S. Ct. 2551 (2015). And recently, the Supreme Court held that its decision in Johnson applied retroactively to prisoners seeking to challenge their sentences on collateral review. See Welch v. United States, — U.S. —, 136 S. Ct. 1257 (2016).

In the instant case, the Petitioner seeks to challenge his sentence through a § 2241 petition, arguing that he is entitled to relief under § 2241 because his petition meets the "savings clause" of 28 U.S.C. § 2255(e), which provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed

to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." As Magistrate Judge Seibert found in his R&R, however, the Petitioner cannot meet the savings clause because § 2255 is not inadequate or ineffective to test the legality of his detention. Pursuant to 28 U.S.C. § 2255(h)(2), the Petitioner must now seek authorization from the appropriate court of appeals in order to file a second or successive § 2255 motion in his sentencing court.

Upon review and consideration, the Court **ORDERS** that Magistrate Judge Seibert's Report and Recommendation [ECF No. 17] is hereby **ADOPTED**. The Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1] is **DISMISSED** without prejudice to the Petitioner's right to seek the requisite authorization from the appropriate court of appeals to proceed under 28 U.S.C. § 2255. The Petitioner's Motion to Transfer [ECF No. 19] is **DENIED**. The Respondent's Motion to Dismiss [ECF No. 12] is **DENIED AS MOOT**. This matter is **ORDERED STRICKEN** from the active docket of this Court. The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent.

The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record and to the *pro se* Petitioner at his last known address as shown on the docket sheet.

**DATED:** June 6, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE